IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN RE BAKER HUGHES, A GE COMPANY, DERIVATIVE LITIGATION | § § § § § § § § | No. 169, 2023<br><br>Court Below–Court of Chancery of the State of Delaware<br><br>C.A. No. 2019-0201 |

Submitted: December 13, 2023
Decided: February 1, 2024

Before **SEITZ**, Chief Justice; **VALIHURA, TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices constituting the Court *en banc*.

## **ORDER**

This 1st day of February, 2024, after consideration of the parties' briefs, the argument of counsel, and the record on appeal, it appears to the Court that:

(1)    The Court of Chancery granted the defendant special litigation committee's motion to terminate derivative litigation filed by two Baker Hughes Class A stockholders.[1]  The court's ruling followed its consideration of the parties' briefs and oral argument at which the special litigation committee presented live testimony from its sole member.

(2)    In this appeal, the derivative plaintiffs have challenged the Court of Chancery's decision on various grounds, including that it "violated the summary

---

[1] *In re Baker Hughes, a GE Co., Deriv. Litig.*, 2023 WL 2967780 (Del. Ch. Apr. 17, 2023).

judgment standard by weighing evidence and making credibility determinations"[2] based on the live testimony taken at oral argument. This, according to the plaintiffs, "violated 'Rule 56 standards,'"[3] which are applicable to motions to terminate derivative litigation under this Court's decision in *Zapata Corp. v. Maldonado*.[4]

(3)     The plaintiffs' argument overlooks two salient points. First, *Zapata* explicitly held open the possibility that the Court of Chancery, when considering a special litigation committee's motion to terminate derivative litigation, might hold "a discretionary trial of factual issues . . . ."[5]  Second, the special litigation committee's counsel notified the plaintiffs' counsel and the Court of Chancery that the committee intended to call Mr. Ebel as a witness to testify at the December 19, 2022 hearing "about his independence, investigation, and conclusions."[6]  Despite receiving this notice, the plaintiffs did not object before or during the hearing to Ebel's testimony as being beyond the scope of permissible inquiry under *Zapata*; instead, they cross-examined Ebel extensively.

(4)     To be sure, given that *Zapata* envisions only limited discovery, holding an evidentiary hearing where the credibility of witnesses will be weighed poses a risk of procedural unfairness. Moreover, credibility determinations do not sit

---

[2] Opening Br. at 27.
[3] *Id*. at 28 (quoting *Zapata Corp. v. Maldonado*, 430 A.2d 779, 786 (Del. 1981)).
[4] 430 A.2d 779 (Del. 1981).
[5] *Id*. at 778 n.15.
[6] App. to Answering Br. at B349–50.

comfortably with the application of the summary-judgment standard.  But the time for addressing such issues is when they arise in the Court of Chancery, which, in the words of *Zapata*, exercises its "independent discretion" in these matters.  Here, in the face of the plaintiffs' acquiescence to Ebel's live testimony, the Vice Chancellor did not abuse her discretion by relying on that testimony, including its credibility, in reaching her decision.

(5)    For this reason and on the basis of the other reasons stated in the Court of Chancery's April 17, 2023 Memorandum Opinion, we affirm the judgment of the Court of Chancery.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

3